UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------------------------X
COREY COHEN,

                       Plaintiff,                       **COMPLAINT**

      -against-

                                                          Plaintiff demands a
CENTER CITY PHILADELPHIA SCHOOL SERVICES LLC,     Trial by Jury
CENTER CITY PHILADELPHIA SCHOOL SERVICES LLC
d/b/a PRIMROSE SCHOOL OF CENTER CITY PHILADELPHIA
and ALLISON WILSON-MAHER, individually,

                       Defendants.
-------------------------------------------------------------------------------X

Plaintiff, COREY COHEN, as and for his Complaint against Defendants CENTER CITY PHILADELPHIA SCHOOL SERVICES LLC, CENTER CITY PHILADELPHIA SCHOOL SERVICES LLC d/b/a PRIMROSE SCHOOL OF CENTER CITY PHILADELPHIA and ALLISON WILSON-MAHER respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201 to 219 ("FLSA"), The Pennsylvania Minimum Wage Act 35 P.S. Section 333.101, *et seq.* and regulations 35 Pa. Code Section 231.1, *et seq.* ("PMWA"), and the Philadelphia Wage Theft Ordinance § 9-4300 *et. seq.* ("PWTO").

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under the Fair Labor Standards Act. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this district based upon Defendants' residency and principal place of business within the County of Philadelphia, in the Commonwealth of Pennsylvania, in the Eastern District of Pennsylvania. Additionally, the events took place in Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff COREY COHEN (hereinafter also referred to as Plaintiff and "COHEN") is an individual male who is a resident of the Commonwealth of Pennsylvania.

5. Defendant CENTER CITY PHILADELPHIA SCHOOL SERVICES LLC is a domestic limited liability company duly existing under the laws of the Commonwealth of Pennsylvania.

6. At all times material Defendant CENTER CITY PHILADELPHIA SCHOOL SERVICES LLC did and does business as the PRIMROSE SCHOOL OF CENTER CITY PHILADELPHIA (hereinafter also referred to as "PRIMROSE SCHOOL").

7. Defendant PRIMROSE SCHOOL operate a private preschool located at 1635 Market Street, First Floor Plaza, Philadelphia, Pennsylvania 19103.

8. At all times material, Defendant ALLISON WILSON-MAHER (hereinafter also referred to as "WILSON-MAHER") was an owner and an employee at Defendant PRIMROSE SCHOOL.

9. At all times material, Defendants were joint employers of Plaintiff.

## MATERIAL FACTS

2

10. In or around June 1, 2016, Plaintiff began working for Defendants as an Education Coach.

11. As an Education Coach, Plaintiff's responsibilities were to included understanding and effectively communicating Defendants' curriculum, participate in hiring to teaching staff, work with management to implement a training plan for new teaching staff, monitor teacher training requirements, conduct classroom observations, provide regular feedback to teaching staff, and identify areas of strength and potential improvement.

12. As the school was set to open for its first school year in the Fall of 2016, Plaintiff did not have an opportunity to fully develop or participate in the above role.

13. At no time was Plaintiff responsible for the management of other employees.

14. At no time did Plaintiff's work require him to exercise independent judgment or discretion.

15. At no time did Plaintiff's work performance require that he have knowledge of a specific field or training in a prolonged course of specialized instruction and study.

16. Defendant wrongfully told Plaintiff that he was not eligible to earn overtime pay as Plaintiff was officially a "salaried" person.

17. Plaintiff COHEN did routinely work approximately 60 hours per week.

18. Plaintiff COHEN has worked extensively to aid the development and creation of the new school and he has not been compensated for any of the additional hours he worked for Defendants.

19. Since the beginning of his employment, no overtime pay had been paid to Plaintiff despite the fact that he worked over 40 hours per week.

20. In failing to properly compensate Plaintiff and similarly situated non-exempt retail branch employees for all hours spent working, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

21. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

22. The FLSA entitles employees to compensation for every hour worked in a workweek. See 29 U.S.C. § 206(b)

23. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

24. Defendants willfully employed Plaintiff in the aforementioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which they were employed.

25. Defendants' failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act (FLSA), specifically 29 U.S.C. §207.

26. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages.

27. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and thus constitute a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a)

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

28. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

29. Plaintiff was an employee of Defendants within the meaning of the Pennsylvania Minimum Wage Act, specifically 35 P.S. Section 333.101 *et seq* and regulations 35 Pa. Code Section 231.1 *et seq*.

30. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

31. Defendants violated Plaintiff's rights to overtime pay under the Pennsylvania Minimum Wage Act.

32. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the Pennsylvania Minimum Wage Act.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE PHILADELPHIA WAGE THEFT ORDINANCE

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

34. Plaintiff was an employee of Defendants within the meaning of the Philadelphia Wage Theft Ordinance, specifically § 9-4300 *et seq*.

35. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

36. Defendants violated Plaintiff's rights to overtime pay under the Pennsylvania Minimum Wage Act.

37. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the Philadelphia Wage Theft Ordinance.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
May 29, 2018

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiffs

By: _____
Caroline H. Miller, Esq.
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790